BEFORE THE SECOND DIVISION, MARCH 25, 1952

**No. 56488.**—Walton W. Tustin *v.* United States, protest 152998–K (Pittsburgh).

Opinion by LAWRENCE, J. It was stipulated that the goods in controversy at the time of entry were articles of which metal was the component material of chief value and were not ores or concentrates or crude metal; that said articles were imported to be used in remanufacture by melting; that since entry said articles were melted and remanufactured by melting. An examination of the papers disclosed that affidavits have been filed in accordance with regulations prescribed by the Secretary of the Treasury pursuant to Public Law 869, *supra*. Upon the agreed statement of facts and the record presented, it was held that the merchandise comes within the provisions of Public Law 869, *supra*, and is properly entitled to free entry.

**No. 56489.**—Barth Smelting Corporation et al. *v.* United States, protests 170006–K, etc. (New York).

Opinion by LAWRENCE, J. It was stipulated that certain items of the merchandise consists of nonferrous scrap metal as contemplated by the provisions of Public Law 869, *supra*. Upon the agreed facts and the record presented, it was held that the merchandise comes within the provisions of Public Law 869, *supra*, and is properly entitled to free entry.

**No. 56490.**—Abraham & Straus et al. *v.* United States, protests 168252–K, etc. (New York).

Opinion by LAWRENCE, J. The protests were dismissed.

**No. 56491.**—Samuel S. Perry *v.* United States, protests 889492–G and 952748–G (Seattle).

Opinion by FORD, J. In accordance with stipulation of counsel that certain items of the merchandise consist of so-called "artificial gut or artificial tegusu," in chief value of silk, the same in all material respects as the merchandise the classification of which was involved in *Geo. S. Bush & Co., Inc.* v. *United States* (34 C. C. P. A. 17, C. A. D. 338), the claim of the plaintiff was sustained.